IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

## ANDRE D. BANKS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Tipton County**
**No. 4658      Joseph H. Walker, III, Judge**

───────────────

**No. W2004-02146-CCA-R3-PC  - Filed July 19, 2005**

───────────────

The petitioner challenges the denial of post-conviction relief, specifically contending that trial counsel was ineffective in guaranteeing that he would be sentenced to a boot camp program when he was statutorily ineligible for it.  Upon review, we agree with the post-conviction court that counsel did not guarantee boot camp but stated that it was a possibility, based upon the judge's recommendation that the petitioner be admitted to the program.  Moreover, the petitioner's responses during the plea colloquy indicated that the petitioner understood the charges he pled to and the nature and consequences of his pleas.  Therefore, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Gary F. Antrican, District Public Defender, and Kari I. Weber, Assistant Public Defender, for the appellant, Andre D. Banks.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin A. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Facts and Procedural History

        The petitioner, Andre D. Banks, was indicted by a Tipton County Grand Jury on two counts of aggravated robbery (a Class B felony) and one count of theft (a Class D felony).  He subsequently pled guilty to one count of aggravated robbery; one count of the lesser included offense of aggravated assault; and theft.  He was sentenced as a Range I, standard offender to concurrent sentences of eight years, three years, and two years on the charges, respectively.  On April 22, 2004, the petitioner filed a *pro se* petition for post-conviction relief.  Thereafter, counsel was appointed to represent the

petitioner, and an amended petition was filed. On August 6, 2004, the post-conviction court held a hearing on the petition and subsequently denied it by written order. The petitioner now challenges the denial of post-conviction relief to this court, contending that trial counsel was ineffective in guaranteeing that he would be sentenced to boot camp when he was ineligible for such a sentence.[1]

At the post-conviction hearing, the petitioner testified that counsel met with him once in jail and again on his court date. The petitioner recalled that when he arrived in court, counsel told him that he would be able to plead to a lesser charge and would "be qualified to go to boot camp," a three- to four-month program. The petitioner acknowledged that the trial court reviewed each charge and that he informed the court that he was pleading guilty to counts one and three and not guilty to count two. He further stated that he made these statements with the understanding that counts one and three would be amended to lesser included offenses. The petitioner also acknowledged that he told the trial court that he pled freely, voluntarily, and absent threats or coercion.

The petitioner further testified that counsel guaranteed that he would go to boot camp if he pled guilty. Moreover, the petitioner stated he believed that had he not pled, but instead gone to trial, the jury would have either acquitted him or convicted him of a lesser included offense. In support, the petitioner noted that the gun used in the robbery was not operable and that he was a "family man" with no prior record. He further noted that his actions were out of character and that he only committed the robbery because he was "desperate" and "needed some quick money." The petitioner testified that if he had gone to trial, the jury would have taken the surrounding circumstances into consideration in reaching a verdict.

On cross-examination, the petitioner stated that counsel met with him once in jail, once after he made bond, and again on his court date. He testified that counsel told him that two witnesses had given written statements identifying the petitioner as the perpetrator. The petitioner acknowledged that no jurors were present when he arrived in court and that he was interested in entering a plea to the charges that day. He reiterated that counsel told him that he would be eligible for boot camp if he pled guilty and further guaranteed boot camp if he entered pleas. The petitioner stated that no one else was present when counsel made the guarantee and admitted that the trial court made a recommendation of boot camp on the plea agreement form at counsel's request. On redirect, the petitioner stated that he did not know he was pleading to aggravated robbery and that he did not wish to plead to that charge.

Counsel testified that he had practiced law for thirty-three years and that he had represented the petitioner "off and on since he was eleven or twelve years old, and also the family." He recalled that two witnesses identified the petitioner as the perpetrator and that the petitioner confessed to the crime. Counsel stated that, throughout his representation, he stayed in contact with the petitioner, as well as the petitioner's mother and uncle. He further testified that he felt the best course of action

---

[1] The record reflects that the petitioner's conviction for aggravated robbery with a deadly weapon rendered him ineligible for the boot camp program. See Tenn. Code Ann. § 40-20-205.

for the petitioner was to plead guilty, especially considering his juvenile record[2] and the nature of the offenses with which the petitioner was charged. Counsel testified that after the petitioner decided to plea, the district attorney and the trial court both agreed to recommend boot camp. He further stated that he also thought that the petitioner might qualify for boot camp because there was a question as to whether or not the gun used in the robbery was operable. Counsel acknowledged that his opinion about the petitioner's admittance into the boot camp program was "wrong" and that he was ultimately deemed ineligible for the program due to the violent nature of the crime. When asked about the guarantee the petitioner alleged was made to him, counsel responded:

> About the only guarantees I make in this business is that I will do – I will give my client every legal remedy available. I don't run TDOC, and I can't guarantee anything that I don't run. I thought there was a good chance when the judge wrote on [the plea agreement] that he recommended it, but he doesn't run TDOC. And, you know, there's just not any guarantees in this business.

On cross-examination, counsel testified that he always assumed the petitioner would plead due to the facts of the case and that counsel would have withdrawn from representation if the petitioner had elected to go to trial. Counsel testified that he had read the requirements for boot camp and further noted that one who commits aggravated robbery is not necessarily disqualified for the program if the weapon they use is inoperable. He also reiterated that he did not guarantee boot camp but that he told the petitioner "he had a real good chance of going to boot camp because of the recommendations of the trial judge."

As the final witness at the post-conviction hearing, the petitioner's sister, Chris Banks, testified that she was present in court on the day the petitioner entered his plea. She stated that she recalled counsel talking with her family and saying, "I am going to get [the petitioner] boot camp."

Following the hearing, the post-conviction court denied the petition and set out its findings by written order:

> The Court finds that [counsel] provided adequate assistance; he met with the petitioner and discussed his case, including possible sentences and manner of service; he discussed with petitioner that he might not receive boot camp and that the Court would determine the length of sentence.
> . . . .
> A plea hearing is not a mere formality. It serves to insure that the defendant understands his rights and the terms of his plea. State v. Neal, 810 S.W.2d 131.
> . . . .
> The Court finds that petitioner has failed to establish the factual allegations contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210. The petitioner has not shown that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial.

---

[2] Counsel testified that the petitioner's juvenile record included adjudications for truancy, theft, and drug- and alcohol-related offenses.

. . . .The Court finds that the petitioner knowingly and voluntarily entered a plea, that the defendant actually understood the significance and consequences of the plea and sentence. The Court finds that the petitioner was not coerced into entering a plea.

The petitioner now appeals to this court alleging that counsel was ineffective and that, but for his actions, the petitioner would have proceeded to trial.

Analysis

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that: (1) counsel's performance was deficient; and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner's sole contention on appeal is that counsel was ineffective in informing him that he would be sentenced to the boot camp program when he was statutorily ineligible for that form of sentencing. However, the post-conviction court accredited the testimony of counsel in which he stated that he did not guarantee that the petitioner would be admitted to the boot camp program but told him it was a possibility given the questions surrounding the weapon and the fact that the trial court recommended the program. In our view, counsel's belief regarding the petitioner's chances of getting into the boot camp program was reasonable, considering the agreement between all parties that boot camp was a viable and appropriate sentencing alternative. Furthermore, as we have previously mentioned, this court must accept the post-conviction court's factual findings unless the evidence presented on appeal preponderates against them. In the instant case, no evidence has been presented on appeal that weighs against the accepted testimony of counsel that he did not guarantee

boot camp to the petitioner.

Moreover, although the petitioner alleges that he did not fully understand the nature and consequences of the plea, the petitioner's own testimony reflects that he engaged in a plea colloquy in which he stated that he was aware of the charges he was pleading to and that his plea was entered freely and voluntarily. Therefore, we agree with the post-conviction court that counsel did not render ineffective assistance and that the petitioner's plea was knowing and voluntary.

<u>Conclusion</u>

Based on the foregoing, and the record as a whole, we affirm the post-conviction court's denial of relief.

_____
JOHN EVERETT WILLIAMS, JUDGE